UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEALED

UNITED STATES OF AMERICA

v. CASE NO. 8:18-cr-205-T-23TGW

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
ANDREW THOMPSON,
a/k/a "Nico,"
ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"
JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO,
PHILLIP USCANGA, and
JESSE RODRIGUEZ

18 U.S.C. § 844
18 U.S.C. § 924
18 U.S.C. § 922
18 U.S.C. § 1962
21 U.S.C. § 841
21 U.S.C. § 846
21 U.S.C. § 856

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

## (RACKETEERING CONSPIRACY–18 U.S.C. § 1962(d))

### A. THE ENTERPRISE

1. At all times material to this Indictment, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
ANDREW THOMPSON,
a/k/a "Nico,"
ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"
JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO,

PHILLIP USCANGA, and
JESSE RODRIGUEZ,

and others known and unknown to the Grand Jury, were members and associates of a criminal organization whose members and associates engaged in narcotics distribution and acts of violence, including but not limited to murder, attempted murder, and robbery, and which operated principally in Manatee County, Florida.

2. The criminal organization, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the Enterprise"), that is, a group of individuals associated in fact. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the Enterprise.

3. The principal purpose of the Enterprise was to generate money and status for its members. It did so through various criminal activities, including, but not limited to, acquiring, possessing, manufacturing, delivering, and otherwise dealing in controlled substances; facilitating prostitution; acquiring, possessing, carrying, brandishing, discharging, and disposing of firearms; arson; and robbery.

4. The members of the Enterprise also furthered the Enterprise's illegal activities by marking and patrolling their territory; by concealing and

destroying evidence of, and tampering with witnesses to, their illegal activities; and by using and threatening to use various levels of violence, ranging from simple assault to murder.

## B. THE ROLES OF THE ENTERPRISE MEMBERS

5. The principal roles of the defendants in the Enterprise include those set forth below:

a. JORDAN RODRIGUEZ, a/k/a "Big Man," was a leader of the Enterprise whose responsibilities included participating in and directing murder and other acts of violence and intimidation; facilitating prostitution; maintaining a drug premises; acquiring, possessing, distributing, and otherwise dealing in controlled substances and paraphernalia; acquiring, possessing, distributing, and disposing of firearms and ammunition; and obstructing investigations into, and concealing and destroying evidence of, the Enterprise's criminal activity.

b. ANDREW THOMPSON, a/k/a "Nico," was a member of the Enterprise whose responsibilities included acquiring, possessing, distributing, and otherwise dealing in controlled substances and firearms; participating in robbery, intimidation, murder, and other acts of violence and intimidation for the Enterprise; and obstructing investigations into, and tampering with witnesses to, the Enterprise's criminal activity.

c. ALFONZO CHURCHWELL, a/k/a "Boo Boo," was a member of the Enterprise whose responsibilities included participating in murder and other acts of violence; manufacturing, acquiring, possessing, distributing, and otherwise dealing in controlled substances for the Enterprise; and obstructing investigations into, and tampering with witnesses to, the Enterprise's criminal activity.

d. JUAN ORTIZ, a/k/a "Macho," was a member of the Enterprise whose responsibilities included participating in murder, intimidation, assault, battery, debt collection, and other acts of violence and intimidation for the Enterprise.

e. RAYMY ESCOTO was a member of the Enterprise whose responsibilities included participating in murder, arson, burglary, robbery, battery, and other acts of violence and intimidation; distributing controlled substances; and destroying evidence of the criminal activities of the Enterprise.

f. PHILLIP USCANGA was a member of the Enterprise whose responsibilities included participating in murder, assault, arson, and other acts of violence and intimidation; providing firearms; and destroying evidence of the criminal activities of the Enterprise.

g. JESSE RODRIGUEZ was a member of the Enterprise whose responsibilities included participating in burglary, intimidation, assault, battery, and other acts of violence and intimidation for; acquiring firearms for; and distributing controlled substances for; the Enterprise.

h. E.W. was a member of the Enterprise whose responsibilities included participating in and directing acts of violence and intimidation; maintaining drug premises; obstructing investigations into the criminal activity of; and directing, funding, and participating in drug trafficking for, the Enterprise.

## C. THE CONSPIRACY

6. Beginning on an unknown date, no later than on or about February 27, 2015, and continuing until on or about the date of this Indictment, in the Middle District of Florida and elsewhere, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
ANDREW THOMPSON,
a/k/a "Nico,"
ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"
JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO,
PHILLIP USCANGA, and
JESSE RODRIGUEZ,

being persons employed by and associated with the Enterprise described in Section "A" of this Count, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly, willfully, and unlawfully conspired with each other and other persons, both known and unknown to the Grand Jury, to violate 18 U.S.C. § 1962(c); that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity.

### D. THE PATTERN OF RACKETEERING ACTIVITY

7. The pattern of racketeering activity, as defined in 18 U.S.C. §§ 1961(1) and (5), through which the defendants and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the Enterprise, consisted of multiple acts involving:

a. Murder, in violation of Sections 782.04, 777.04 and 777.011, Florida Statutes;

b. Robbery, in violation of Sections 812.13, 777.011 and 777.04, Florida Statutes;

c. Arson, in violation of Sections 806.01, 777.011, and 777.04, Florida Statutes;

and acts indictable under the following provisions:

d. 18 U.S.C. § 1503 (obstructing justice); and

e. 18 U.S.C. § 1512 (tampering with witnesses, victims, or informants);

and offenses involving the felonious manufacture, receiving, concealment, buying, selling, and otherwise dealing in controlled substances or listed chemicals, in violation of:

f. 21 U.S.C. § 841 (distributing and possessing with intent to distribute controlled substances);

g. 21 U.S.C. 846 (conspiracy and attempt to distribute and possess with intent to distribute controlled substances); and

h. 21 U.S.C. § 856 (maintaining a drug premises).

8. It was further part of the conspiracy that each defendant would and did agree that a conspirator would commit at least two acts of racketeering activity in conducting the affairs of the Enterprise.

## E. METHOD AND MEANS

9. It was part of the conspiracy that the defendants, along with others known and unknown to the Grand Jury, would and did act as members of the Enterprise, and would and did engage in an array of criminal conduct in the state of Florida, and elsewhere, for and on behalf of the Enterprise, the purpose of which was to illegally generate income and status for its members by committing murder, robbery, drug trafficking, and other illegal acts.

10. It was further part of the conspiracy that Enterprise members would and did use wire and electronic communications to promote and conduct the affairs of the Enterprise.

11. It was further part of the conspiracy that Enterprise members would and did use vehicles to promote and conduct the affairs of the Enterprise.

12. It was further part of the conspiracy that Enterprise members would and did acquire firearms and share firearms to promote and conduct the affairs of the Enterprise.

13. It was further part of the conspiracy that Enterprise members would and did dispose of evidence, including firearms and vehicles, that could be used as evidence to support the prosecution of Enterprise members.

14. It was further part of the conspiracy that Enterprise members would and did use residences (commonly known as "trap houses") to store controlled substances, paraphernalia, money, firearms, and ammunition, to manufacture, maintain, and distribute controlled substances, to facilitate prostitution, and to conduct meetings with Enterprise members.

15. It was further part of the conspiracy that Enterprise members would and did acquire, manufacture, possess, distribute, and otherwise deal in controlled substances.

16. It was further part of the conspiracy that Enterprise members would and did facilitate prostitution, for profit and to promote drug sales by the Enterprise.

17. It was further part of the conspiracy that Enterprise members would and did acquire firearms and ammunition for, and lent, transferred, and delivered firearms and ammunition to, persons the Enterprise members knew and had reason to believe were convicted felons or drug addicts, who had restraining orders against them, and who would commit unlawful acts with said firearms and ammunition.

18. It was further part of the conspiracy that Enterprise members would and did seek to attain status by, and attribute status to, participation in violent acts, and would and did have discussions regarding their participation in acts of violence and the murders they had committed.

19. It was further part of the conspiracy that Enterprise members would and did threaten to commit, and did commit, acts of violence and intimidation, in an effort to control drug distribution activities in portions of Manatee County, Florida, to collect and attempt to collect debts owed to the Enterprise and its members, and to intimidate competitors in the drug trafficking business.

20. It was further part of the conspiracy that Enterprise members would and did commit murder and other acts of violence and intimidation to instill fear in the community at large, and to control territory for, gain status for, and promote and conduct the affairs of, the Enterprise.

21. It was further part of the conspiracy that Enterprise members would and did kill individuals to promote their drug trafficking, to acquire drugs, to collect and avoid drug debts, and to retaliate for attacks on, or perceived slights to, Enterprise members, and because victims were viewed as threats to Enterprise members, and for other reasons.

22. It was further part of the conspiracy that Enterprise members would and did obstruct and attempt to obstruct justice and tamper with witnesses, and would and did attempt to cause others to do the same, by destroying, concealing, and disposing of evidence, including, but not limited to, firearms, narcotics, and vehicles, by providing false information to law enforcement officers, by withholding information from law enforcement officers, and by threatening and coaching witnesses to prevent them from reporting criminal activity to law enforcement officers.

23. It was further part of the conspiracy that Enterprise members would and did commit arson to destroy evidence of their criminal activity.

24. It was further part of the conspiracy that Enterprise members would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of, and acts done in furtherance of, the conspiracy.

## F. OVERT ACTS

25. In furtherance of the conspiracy and to accomplish the object of the conspiracy, the defendants and their co-conspirators committed, within the Middle District of Florida and elsewhere, the following Overt Acts, among others:

a. On or about October 20, 2015, and on or about October 24, 2015, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

possessed an AK-47 assault rifle.

b. In or around December 2015, in Manatee County, Florida, the defendant,

RAYMY ESCOTO,

and others, assaulted, battered, and robbed E.D., and aided and abetted the same.

c. On or about December 12, 2015, in Manatee County, Florida, the defendant,

JESSE RODRIGUEZ,

and others, did assault, taunt, threaten, and shoot at R.V. and W.S. and others, and aided and abetted the same.

d. Beginning on an unknown date, which was no later than on or about January 1, 2016, and continuing until on or about January 6, 2017, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
ANDREW THOMPSON,
a/k/a "Nico,"
ALFONZO CHURCHWELL,
a/k/a "Boo Boo," and
JESSE RODRIGUEZ,

used a residence at 5832 11th Street East, Bradenton, Florida, to acquire, maintain, manufacture, and distribute controlled substances, maintain firearms, facilitate prostitution, and conduct Enterprise meetings.

e. Beginning on an unknown date and continuing until on or about January 1, 2016, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man," and
ANDREW THOMPSON,
a/k/a "Nico,"

conspired to intimidate and threaten Demetrius Robinson.

f. On or about January 1, 2016, the defendant,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"

gave a firearm to defendant ANDREW THOMPSON to aid in intimidating and threatening Demetrius Robinson.

g. On or about January 1, 2016, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

intimidated, threatened, and attempted to rob Demetrius Robinson.

h. On or about January 1, 2016, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

shot and killed Demetrius Robinson.

i. On or about January 1, 2016, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

shot and killed Florence Randall.

j. On or about January 1, 2016, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man," and
ANDREW THOMPSON,
a/k/a "Nico,"

conspired to destroy and conceal evidence of the murders of Demetrius Robinson and Florence Randall.

k. On or about January 1, 2016, in Manatee County, Florida, the defendant,

PHILLIP USCANGA,

and another person assaulted and threatened rival gang members and their associate.

l. On or about January 1, 2016, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO, and
PHILLIP USCANGA,

and another person conspired to commit a drive-by shooting and to murder rival gang members and their associates.

m. On or about January 1, 2016, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO, and
PHILLIP USCANGA,

and another person known to the Grand Jury, committed a drive-by shooting, resulting in the murder of Julio Tellez, and aided and abetted the same.

n. Beginning on or about January 1, 2016, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
RAYMY ESCOTO, and
PHILLIP USCANGA,

and others, conspired to destroy and conceal evidence of the murder of Julio Tellez.

o. On or about January 1, 2016, in Manatee County, Florida, the defendants,

RAYMY ESCOTO, and
PHILLIP USCANGA,

and others, conspired to set fire to a Ford Mustang automobile.

p. On or about January 1, 2016, in Manatee County, Florida, the defendants,

RAYMY ESCOTO, and
PHILLIP USCANGA,

and others, set fire to a Ford Mustang automobile, and aided and abetted the same.

q. On or about January 11, 2016, in Manatee County, Florida, the defendant,

RAYMY ESCOTO,

possessed with intent to distribute marijuana.

r. On or about January 25, 2016, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

publicly carried a loaded revolver.

s. On or about February 24, 2016, in Manatee County, Florida, the defendant,

PHILLIP USCANGA,

resisted and obstructed a law enforcement officer without violence.

t. On or about April 15, 2016, in Manatee County, Florida, the defendants,

RAYMY ESCOTO, and
JESSE RODRIGUEZ,

and others, burglarized the home of A.L.R. and stole items including a firearm and magazine, and aided and abetted the same.

u. On or about May 11, 2016, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

possessed with intent to distribute cocaine, crack cocaine, and heroin.

v. On or around September 2, 2016, in Manatee County, Florida, the defendant,

JESSE RODRIGUEZ,

and others, taunted and attempted to fight E.M., a rival gang member.

w. From a date no later than on or about August 25, 2016, until at least on or about September 15, 2016, in the Middle District of Florida, and elsewhere, the defendant,

ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"

possessed with intent to distribute controlled substances, including mixtures and substances containing detectable amounts of heroin and fentanyl.

x. On or about September 11, 2016, in Manatee County, Florida, the defendant,

ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"

shot and killed Earnestine Gardner.

y. Beginning on or about September 11, 2016, until the present, in Manatee County, Florida, and elsewhere, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man," and
ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"

conspired to, attempted to, and did, obstruct the investigation into the murder of Earnestine Gardner by, among other things, threatening, and causing others

to threaten, witnesses, destroying evidence, and providing false and incomplete information to law enforcement.

z. On or about September 14, 2016, in Manatee County, Florida, the defendant,

ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"

provided false information to a law enforcement officer.

aa. On or about October 1, 2016, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man," and
JESSE RODRIGUEZ,

and others, marked their territory, by standing in front of their drug premises, yelling at passing traffic.

bb. On or about October 27, 2016, in Manatee County, Florida, the defendant,

JUAN ORTIZ,
a/k/a "Macho,"

assaulted, battered, and threatened to hold hostage L.C., and threatened to shoot L.C.'s family members, if he did not pay a debt.

cc. On or about November 12, 2016, in Manatee County Florida, the defendants,

RAYMY ESCOTO, and
PHILLIP USCANGA

patrolled their territory of 11th Street East, and evaded law enforcement.

dd. In or around December 2016, in Manatee County, Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man," and
ANDREW THOMPSON,
a/k/a "Nico,"

and others, marked their territory of 11th Street East, by wearing ski masks, carrying assault rifles, and shooting at rivals.

ee. In or around December 2016, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

shot into a crowd pursuant to the instructions of JORDAN RODRIGUEZ, a/k/a "Big Man."

ff. On or about December 14, 2016, in Manatee County, Florida, the defendants,

JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO, and
PHILLIP USCANGA,

provided false information to a law enforcement officer and, in the case of RAYMY ESCOTO, disregarded commands of, and fled from, a law enforcement officer.

gg. On or about January 13, 2017, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

attempted to possess with intent to distribute cocaine and methamphetamine.

hh. On or about January 13, 2017, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

shot and killed LaShawna Stevenson-Weeks.

ii. On or about January 13, 2017, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

shot and killed Berry Joseph, a/k/a "B-1."

jj. On or about January 13, 2017, in the Middle District of Florida, the defendants,

JORDAN RODRIGUEZ
a/k/a "Big Man," and
ANDREW THOMPSON,
a/k/a "Nico,"

conspired and agreed to destroy and conceal evidence of the murders of LaShawna Stevenson-Weeks and Berry Joseph, a/k/a "B-1."

kk. On or about January 6, 2017, in the Middle District of Florida, the defendant,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"

possessed with intent to distribute marijuana, distributed marijuana, and possessed with intent to distribute cocaine.

ll. On or about January 6, 2017, in the Middle District of Florida, the defendant,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"

knowingly used and carried a firearm during and in relation to, and knowingly possessed a firearm in furtherance of, federal drug trafficking crimes, specifically: possession with intent to distribute marijuana, distribution of marijuana, and possession with intent to distribute cocaine.

mm. On or about January 20, 2017, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico"

unlawfully possessed firearms, ammunition, and narcotics.

nn. On or about October 25, 2017, in the Middle District of Florida, the defendant,

JUAN ORTIZ,
a/k/a "Macho,"

threatened to shoot up the house of J.G. because of J.G.'s suspected affiliation with a rival gang.

**G. <u>NOTICE OF SPECIAL SENTENCING FACTORS</u>**

26. On or about January 1, 2016, in the Middle District of Florida, the defendant,

ANDREW THOMPSON,
a/k/a/ "Nico,"

did willfully and unlawfully kill Demetrius Robinson, a human being, (1) from a premeditated design to effect his death, and (2) while perpetrating a robbery and a home invasion robbery, in violation of Florida Statutes Section 782.04.

27. On or about January 1, 2016, in the Middle District of Florida, the defendant,

ANDREW THOMPSON,
a/k/a/ "Nico,"

did willfully and unlawfully kill Florence Randall, a human being, (1) from a premeditated design to effect her death, and (2) while perpetrating a robbery and a home invasion robbery, in violation of Florida Statutes Section 782.04.

28. On or about January 1, 2016, in the Middle District of Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO, and
PHILLIP USCANGA,

and another person known to the Grand Jury, did willfully and unlawfully perpetrate, and aid and abet the perpetration of, the killing of Julio Tellez, a human being, (1) from a premeditated design to effect his death, and (2) while attempting to murder another human being, in violation of Florida Statutes Sections 782.04 and 777.011.

29. On or about January 1, 2016, in the Middle District of Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
JUAN ORTIZ,
a/k/a "Macho,"
RAYMY ESCOTO, and
PHILLIP USCANGA,

and another person known to the Grand Jury, did willfully and unlawfully agree, conspire, combine, and confederate to perpetrate the killing of B.B. and J.M., human beings, in violation of Florida Statutes Sections 782.04, 777.04, and 777.011.

30. On or about September 11, 2016, in Manatee County, Florida, the defendant,

ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"

did willfully and unlawfully kill Earnestine Gardner, a human being, from a premeditated design to effect her death, in violation of Florida Statutes Section 782.04

31. On or about January 13, 2017, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

did willfully and unlawfully kill Lashawna Stevenson-Weeks, a human being, (1) from a premeditated design to effect her death, and (2) while perpetrating a robbery, in violation of Florida Statutes Section 782.04.

32. On or about January 13, 2017, in Manatee County, Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

did willfully and unlawfully kill Berry Joseph, a/k/a "B1," a human being, (1) from a premeditated design to effect his death, and (2) while perpetrating a robbery, in violation of Florida Statutes Section 782.04.

All in violation of 18 U.S.C. § 1962(d).

## COUNT TWO

Beginning on an unknown date no later than on or about January 1, 2016, and continuing until in or about November 2017, in the Middle District of Florida, and elsewhere, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
ANDREW THOMPSON,
a/k/a "Nico,"
ALFONZO CHURCHWELL,
a/k/a "Boo Boo," and
JESSE RODRIGUEZ,

did knowingly and willfully conspire with each other and other persons, both known and unknown to the Grand Jury, to distribute, and to possess with the intent to distribute, controlled substances, including mixtures and substances containing detectable amounts of heroin, marijuana, and 3,4-methylenedioxymethamphetamine (commonly known as "MDMA," "Ecstasy," or "Molly"), all Schedule I controlled substances, and mixtures and substances containing detectable amounts of cocaine, cocaine base (commonly known as "crack" cocaine), hydromorphone, fentanyl, and

methamphetamine, all Schedule II controlled substances, contrary to 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

**COUNT THREE**

On or about January 1, 2016, in the Middle District of Florida, the defendants,

RAYMY ESCOTO, and
PHILLIP USCANGA,

did knowingly and willfully conspire with each other and other persons known to the Grand Jury, to maliciously damage and destroy, and attempt to damage and destroy, by means of fire, personal property used in interstate and foreign commerce, specifically, a Ford Mustang automobile, contrary to the provisions of 18 U.S.C. § 844(i).

All in violation of 18 U.S.C. § 844(n).

**COUNT FOUR**

On or about January 1, 2016, in the Middle District of Florida, the defendants,

RAYMY ESCOTO, and
PHILLIP USCANGA,

while aiding and abetting each other and other persons known to the Grand Jury, did maliciously damage and destroy, and attempt to damage and

destroy, by means of fire, personal property used in interstate and foreign commerce, specifically, a Ford Mustang automobile.

All in violation of 18 U.S.C. § 844(i) and 18 U.S.C. § 2.

## COUNT FIVE

On or about May 11, 2016, in the Middle District of Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

did knowingly and intentionally possess with intent to distribute controlled substances, which violations involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, and are therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT SIX

On or about September 11, 2016, in the Middle District of Florida, the defendant,

ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"

did knowingly use, carry, and discharge a firearm during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States, specifically, the drug trafficking conspiracy alleged in Count Two of this Indictment (Count Two being hereby incorporated by reference); and in the course of said violation, caused the death of Earnestine Gardner, by murder as defined in 18 U.S.C. § 1111, through the use of a firearm.

In violation of 18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii), and 924(j)(1).

**COUNT SEVEN**

On or about September 11, 2016, in the Middle District of Florida, the defendant,

ALFONZO CHURCHWELL,
a/k/a "Boo Boo,"

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

- **Attempted Murder in the Second Degree With a Firearm**, on or about January 12, 2007;

did knowingly possess, in and affecting interstate and foreign commerce, ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**COUNT EIGHT**

On or about January 13, 2017, in the Middle District of Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

did knowingly and willfully attempt to possess with intent to distribute controlled substances, which violations involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and are therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 846.

**COUNT NINE**

On or about January 13, 2017, in the Middle District of Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

did knowingly use, carry, and discharge a firearm during and in relation to drug trafficking crimes for which the defendant may be prosecuted in a Court of the United States, specifically, the drug trafficking conspiracy and the attempt to possess with intent to distribute cocaine and methamphetamine

alleged in Counts Two and Eight of this Indictment (Counts Two and Eight being hereby incorporated by reference); and in the course of said violation, caused the death of LaShawna Stevenson-Weeks, by murder as defined in 18 U.S.C. § 1111, through the use of a firearm.

In violation of 18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii), and 924(j)(1).

## COUNT TEN

On or about January 13, 2017, in the Middle District of Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

did knowingly use, carry, and discharge a firearm during and in relation to drug trafficking crimes for which the defendant may be prosecuted in a Court of the United States, specifically, the drug trafficking conspiracy and the attempt to possess with intent to distribute cocaine alleged in Counts Two and Eight of this Indictment (Counts Two and Eight being hereby incorporated by reference); and in the course of said violation, caused the death of Berry Joseph, a/k/a "B-1," by murder as defined in 18 U.S.C. § 1111, through the use of a firearm.

In violation of 18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii), and 924(j)(1).

## COUNT ELEVEN

On or about January 20, 2017, in the Middle District of Florida, the defendant,

ANDREW THOMPSON,
a/k/a "Nico,"

who was subject to a court order issued on March 22, 2016, in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, case number 2016DR001116AX, which court order was issued after a hearing of which he received actual notice and at which he had an opportunity to participate, (1) restraining him from (a) stalking and threatening an intimate partner, and (b) engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner, and (2) that (a) by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner that would reasonably be expected to cause her bodily injury, and (b) included a finding that the defendant was a credible threat to the physical safety of the intimate partner, did knowingly possess in and affecting interstate and foreign commerce, firearms and ammunition, specifically, a 32-caliber revolver, a .380 caliber pistol, and approximately 197 rounds of ammunition.

In violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).

## COUNT TWELVE

Beginning on an unknown date, no later than on or about January 1, 2016, and continuing until on or about January 6, 2017, at 5832 11th Street East, Bradenton, Florida, in the Middle District of Florida, the defendants,

JORDAN RODRIGUEZ,
a/k/a "Big Man,"
ANDREW THOMPSON,
a/k/a "Nico,"
ALFONZO CHURCHWELL,
a/k/a "Boo Boo," and
JESSE RODRIGUEZ,

knowingly used and maintained a place for the purpose of manufacturing and distributing controlled substances, including: heroin, marijuana, and 3,4-methylenedioxymethamphetamine (commonly known as "MDMA," "Ecstasy," or "Molly"), Schedule I controlled substances, and cocaine, cocaine base (commonly known as "crack" cocaine), fentanyl, and methamphetamine, Schedule II controlled substances, and aided and abetted the same.

In violation of 21 U.S.C. §§ 856(a)(1) and 856(b) and 18 U.S.C. § 2.

## FORFEITURES

1. The allegations contained in Counts One through Twelve of this Indictment are incorporated by reference for the purpose of alleging forfeitures

pursuant to 18 U.S.C. §§ 924(d), 981(a)(1)(C), and 1963; 21 U.S.C. § 853(a); and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1962, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 1963:

a. any interest acquired or maintained in violation of section 1962;

b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of section 1962.

3. Upon conviction of a violation of 18 U.S.C. § 924(c) or (j), the defendants shall forfeit to the United States, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense.

4. Upon conviction of a violation of 21 U.S.C. § 841, § 846, or § 856, the defendants shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

5. Upon conviction of a violation of 18 U.S.C. § 844, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

6. The property to be forfeited includes, but is not limited to:

a. a .32-caliber revolver,

b. a .380-caliber pistol, and

c. approximately 197 rounds of ammunition.

7. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

[signature]
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: [signature]
NATALIE HIRT ADAMS
Assistant United States Attorney

By: [signature]
CHRISTOPHER F. MURRAY
Assistant United States Attorney

By: [signature]
RACHELLE DESVAUX BEDKE
Assistant United States Attorney
Chief, Criminal Division (South)

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

JORDAN RODRIGUEZ, a/k/a "BIG MAN,"
ANDREW THOMPSON, a/k/a "NICO,"
ALFONZO CHURCHWELL, a/k/a "BOO BOO,"
JUAN ORTIZ, a/k/a "MACHO,"
RAYMY ESCOTO,
PHILLIP USCANGA, and
JESSE RODRIGUEZ

# INDICTMENT

Violations: Title 18, United States Code, Section 844
Title 18, United States Code, Section 924
Title 18, United States Code, Section 922
Title 18, United States Code, Section 1962
Title 21, United States Code, Section 841
Title 21, United States Code, Section 846
Title 21, United States Code, Section 856

A true bill,

Karen A. Epting

Foreperson

Filed in open court this 26th day of April, 2018.

______________________________
Clerk

Bail $____________________